UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BENJAMIN McCOY,

        Petitioner,

v.                                                  CASE NO. 05-CV-71309-DT
                                                   HONORABLE GEORGE CARAM STEEH

KURT JONES,

        Respondent.
_____/

## ORDER GRANTING A CERTIFICATE OF APPEALABILITY
## AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Benjamin McCoy has been convicted of one count of first-degree (premeditated) murder, MICH. COMP. LAWS § 750.316(1)(a), two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and one count of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by life imprisonment without the possibility of parole for the murder conviction and two parolable life sentences for the assault convictions. Petitioner's convictions were affirmed on appeal, and on September 10, 2008, this Court dismissed Petitioner's habeas corpus petition with prejudice. Petitioner has appealed the Court's Opinion and Order dismissing his habeas petition.

The Court must treat the notice of appeal as an application for a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability]

will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Petitioner alleges that he was denied effective assistance of trial counsel. Specifically, he claims that his trial attorney (1) failed to properly investigate and advance a claim of self defense, (2) interfered with his right to testify, (3) should have moved to suppress his statement to the police on the grounds that the statement was involuntary and a violation of his right to remain silent, and (4) should have advanced a defense theory that an unidentified person shot the murder victim. The Court concluded that (1) defense counsel's investigation and presentation of a self-defense theory was adequate, (2) defense counsel was not ineffective for advising Petitioner not to testify, (3) Petitioner's statement to the police was voluntary, and his Fifth Amendment right to remain silent was not violated, and (4) defense counsel was not ineffective for failing to investigate and advance a theory that an unidentified person shot the murder victim from across the street.

Reasonable jurists could debate the Court's assessment of Petitioner's constitutional claims. At a minimum, the issues presented warrant encouragement to proceed further. *Banks v.*

*Dretke*, 540 U.S. 668, 674 (2004). Therefore, a certificate of appealability may issue on all of Petitioner's claims. It is further ordered that Petitioner may proceed *in forma pauperis* on appeal.

Dated: November 18, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 18, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk