UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BENJAMIN McCOY,

        Petitioner,

v.                                                   CASE NO. 05-CV-71309-DT
                                                        HONORABLE GEORGE CARAM STEEH

KURT JONES,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S APPLICATION FOR CLARIFICATION
AND GRANTING IN PART A CERTIFICATE OF APPEALABILITY**

      Petitioner Benjamin McCoy has appealed the Court's denial of his habeas corpus petition. Currently pending before the Court is Petitioner's "Application for Clarification of Certificate of Appealability and/or for Certificate of Appealability on Additional Issues."

      Petitioner's habeas corpus petition asserted the following eleven claims:

I.     Petitioner Benjamin McCoy was denied his right to a fair and impartial jury by the trial court's cursory and inadequate voir dire and totally foreclosed defense counsel's participation in the voir dire during jury selection.

II.    A writ of habeas corpus should issue where the trial court's interference and imposed limits on the cross-examination of prosecution witnesses and his display of partiality violated Petitioner Benjamin McCoy's right to confrontation and a fair trial as guaranteed by both the federal and state constitutions.

III.   Petitioner is entitled to habeas corpus relief where the trial court clearly erred under the totality of the circumstances in finding the prosecution used due diligence in their efforts to produce endorsed res gestae witnesses Robert and Roberto Carter at trial and denied Petitioner McCoy of a fair trial.

IV.   A writ of habeas corpus should issue where the trial court deprived

      Petitioner's Benjamin McCoy of his right to a fair trial by a properly instructed jury where he failed to give the order of deliberation instruction and improperly reinstructed the jury on the element of premeditation required for first degree murder.

V.     A writ of habeas corpus should issue where Petitioner Benjamin McCoy was denied a fair trial when the trial court refused to instruct on the cognate lesser included offense of manslaughter supported by the evidence.

VI.    A writ of habeas corpus should issue where there was insufficient evidence as a matter of law to establish Petitioner Benjamin McCoy's conviction for premeditated murder in the first degree as required by the due process clause.

VII.   Petitioner Benjamin McCoy was denied his right to effective assistance of counsel guaranteed him by the federal and state constitutions at trial and the trial court abused his discretion by denying him an evidentiary hearing pursuant to *People v. Ginther*, 390 Mich. 436 (1973), and a new trial. Therefore, an evidentiary hearing is required to establish his claim and a new trial.

    A.    Defense counsel's acquiescence in the court's inadequate and cursory voir dire denied Petitioner a fair and impartial jury and constitutes ineffective assistance of counsel.

    B.    Petitioner Benjamin McCoy was denied effective assistance of counsel where trial counsel failed to properly investigate and advance the defense of self defense.

    C.    Defense counsel denied Petitioner his right to a fair trial where he failed to effectively cross-examine Quentin Leapheart with his prior inconsistent statement.

    D.    Petitioner was denied effective assistance of counsel where counsel failed to file a pretrial motion to suppress an incriminating statement attributed to the Petitioner in violation of his right against self incrimination.

    E.    Defense counsel's advise and trial strategy deprived

>     Petitioner McCoy of his right to testify and
>     constitutes ineffective assistance of counsel.

VIII.  A manifest injustice occurred in this trial where critical res gestae witnesses with favorable testimony failed to appear because of threats on their lives and defense counsel never addressed this issue to insure Petitioner Benjamin McCoy a fair trial in violation of his right to effective assistance of counsel.  Petitioner is entitled to an evidentiary hearing and a new trial.

IX.  The cumulative effect of the foregoing errors denied Petitioner of a fair trial in violation of due process and requires reversal.

X.  Petitioner is entitled to be re-sentenced where the trial court departed from the statutory sentence and failed to comply with the statutory departure requirements and imposed disproportionate maximum sentences on the assault with intent to murder convictions.

XI.  Petitioner was denied the effective assistance of counsel guaranteed by the federal and state constitutions as trial counsel failed to request instructions on defense of others and self-defense against persons acting in concert and/or failing to object to the absence of these jury instructions.  U.S. Const., AM VI; CONST 1963, ART 1, § 20.

On July 19, 2007, the Court dismissed claims I through VI, VII.A., VII.C., and VIII through XI.  The Court subsequently held an evidentiary hearing on claims VII.B., VII.D., and VII.E. regarding Petitioner's trial attorney.  On September 10, 2008, the Court denied relief on those claims and on Petitioner's new claim that his trial attorney failed to investigate the possibility that a third person killed the victim.  Petitioner appealed the Court's decision dated September 10, 2008, and on November 18, 2008, the Court granted a certificate of appealability "on all of Petitioner's claims."  Dkt. 67, at 3.

Petitioner seeks clarification of the phrase "on all of Petitioner's claims."  The Court intended to issue a certificate of appealability only on claims VII.B., VII.D., and VII.E. and on

Petitioner's new claim, because those claims were the focus of the Court's September 10, 2008, Opinion and Order, which Petitioner appealed. Petitioner would like the Court to issue a certificate of appealability on claims IV and V regarding the jury instructions and on claims VII and XI regarding his trial attorney, as well as, on all the issues he raised in his supplemental briefs following the evidentiary hearing.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Reasonable jurists could debate the Court's resolution of Petitioner's claims regarding the jury instructions and trial counsel. Accordingly, Petitioner's application for clarification [Dkt. 68] is **GRANTED**. A certificate of appealability may issue on Claims IV, V, VII, VIII, and XI and all their subparts and on all the issues raised in Petitioner's supplemental briefs filed after the evidentiary hearing.

4

Dated: February 3, 2009

                                          S/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 3, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---